BERRY BROS. vs. S. N. MEYER.

SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

Appeal from Lamar county.

Maxey, Lightfoot & Denton, for appellants.

Hall & Scott, for appellee.

STATEMENT.

Appellee brought this suit to recover balance of purchase money alleged to be due appellants upon a contract of purchase of a lot of hay, and also to recover damages for the non-performance by appellants of said contract. Appellee, in his petition, itemizes his claim as follows :

| | |
|---|---|
| Value of 57 tons of hay, at $9 per ton, as per contract..... | $513 00 |
| Attorneys fee and personal expenses..................... | 100 00 |
| Loss of rent of barn, as hereinafter shown............... | 150 00 |
| Exemplary damages..................................... | 50 00 |

Making a total.......................$813 00

The items for attorneys fees and for examplary damages were excepted to by appellants and were stricken out.

A further statement of the nature and result of the suit will be found in the conclusions of fact and law as arrived at by the judge, before whom the trial was had which we here insert :

### CONCLUSIONS OF FACTS.

1. That on or about March 23, 1883, plaintiff owned about 131 tons of hay in bales, stored in his barn at South Mayed, in Grayson county, about 300 yards from the depot of the T. & P. R'y Co., and that at said date defendants applied to the plaintiff to buy the same, and the following verbal contract was made between them, to-wit :

Plaintiff offered to sell defendant all the hay in the barn at South Mayed at $9 per ton, to be delivered to defendant free on board the cars at the depot, to be paid for as the same was boarded on the cars, all the expenses of hauling and weighing to be paid by plaintiff, and defendants should have the right or privilege of rejecting one car load if they desired to do so, the hay to be taken by defendants at an early day. The offer was accepted and the transaction closed with the above agreement.

2. That defendants received of said hay on board the cars at South Mayed and took away about sixty-three tons ; that the hay had to be hauled on wagons from the barn to the scales of John Boerr, about 150 yards, where it was weighed, and from there it was hauled, about 100 or 150 yards, to the cars, where it was loaded on the cars. Plaintiff paid for the hauling and weighing and loading on the cars, and defendants paid for all the hay they received (63 tons) at $9 per ton.

3. That about June 1, 1883, defendants claimed that the day did not come up to the quality of hay that they expected to get, and declined to take any more of it, and plaintiff demanded pay for the balance of the hay at $9 per ton, and requested defendants to re-

move it from the barn ; that the defendants refused, and 68 tons of the hay is now in dlaintiff's barn at South Mayed.

4. That storage for hay at South Mayed is worth 50 cents per season, that is, from July till February.

5. That a car load of hay is about ten or eleven tons and the lot of hay weighed out about 22 bales to the ton.

6. That plaintiff refused, in making the trade, to warrant the hay as to quality, but on shipments made by defendants (who are dealers in hay) of a part of the hay received by them, it proved to be inferior in quality, and defendant's customers refused to take it and threw it back on defendants' hands, whereupon they refused to take any more of it.

7. Defendants inspected the hay before the purchase and went in person and received the hay that was shipped ; told parties at the barn they had bought all the hay in the barn belonging to plaintiff, with the qualification named in 1st, and offered to sell the same a few moments after to the trade to one Mr. Harrison, with the same privilege of rejecting one car load.

### CONCLUSIONS OF LAW.

1. That the transaction shows an absolute sale by plaintiff to defendants of all the hay in the barn, and that the right or privilege given by plaintiff to defendants, to reject one car load of the hay, not having been exercised by defendants, could not render the contract executory.

2. That it was the intention of both plaintiff and defendants that the title to all the hay in the barn owned by plaintiff should pass to defendant and that it did pass.

3. That plaintiff is entitled to recover the value of the 57 tons of hay sued for at $9.00 per ton and storage at 50 cents per ton with 8 per cent. interest from January 1st, 1884.

The first question necessary to be decided is, did the judge correctly conclude as a matter of law from the facts found by him, that the title or property in the hay passed from appellee to appellants under the contract ? Was the contract a sale ? Or was it only a *promise to sell?* We think the facts found fully support the conclusion of law that the contract was a *sale* and divested the title to the hay from appellee, and vested it in appellant's. The interest of

the parties to a contract is to govern in its construction. Delivery of the hay was not essential to the completeness of sale as between the parties. (Cleveland vs. Williams, 29 Texas, 204; W. & W. Con. Rep., sec. 927.

A sale of a specific chattel passes property without delivery. (Bigler vs. Hall, 54 N. Y. 167; Buffington vs. Alen, 7 Bush. 231.) Property in the chattel does not pass absolutely unless the sale is completed and it is not completed so long as anything remains to be done to the thing sold, to put it in a condition for sale or to identify it, or discriminate it from other things. But the property in a a specific chattel passes before delivery and the sale thereof is complete, if such be the interest of the parties expressed or implied, although the seller has to do something more to the property. (1 Pars. on Con., 527 and note.) In this case the property was a specific chattel, that is, *all* the hay in plaintiff's barn. There was nothing to be done to identify it. It was bargained for in bulk, and although not actually delivered, and although the seller had to deliver it, and have it weighed, still it was the intention of the parties, as found by the court, that the property in the hay should pass to the buyer at the time of the contract. Such being the intention of the parties the sale was complete and the hay became the property of the appellants with the privilege on their part to reject a car load of it. This privilege did not affect the completeness of the sale save to the extent of one car load, and nothing is claimed in this suit for the car load which appellants reserved the right to reject and did reject when they refused to receive any more of the hay.

We think the conclusion of law and the judgment of the court in accordance therewith are correct to the extent of awarding appellee the contract price for the 57 tons of hay, with interest on the amount. The hay of course remains the property of appellants, but as they refused to receive it within a reasonable time, appellee is relieved of his obligation to have it weighed and placed free on board the cars. They must take the hay as they now find it.

We are of the opinion that the court erred in giving judgment for *storage* of hay. In his petition appellee claimed for *rent* and made no claim for *storage*. Rent and storage are not the same thing. "Rent" is a return or compensation for the possession of some corporeal inheritance, and if a certain profit, either in money, provisions or labor, issuing out of lands and tenements in return for their

use. (2 Boviers Law Dic., "Rent.") "Storage" is the price or charge for keeping goods. (Webster's Dic., "Storage.") A judgment must conform to the pleadings in the case, and when it grants relief which is not warranted by the pleadings it will be set aside as to such relief. The plaintiff must recover, if at all, upon the cause of action declared upon. (W. & W. Con. Rep., sec's. 131, 299, 495, 514, 581, 871, 874, 875, 904.) But even if the court had awarded appellee a certain sum as *rent* for his barn, we do not think the judgment therefore could be affirmed.

There was no contract between the parties for rent either expressed or implied and rent could therefore be recovered, if recovered at all, only as damages, and we are of the opinion that such recovery is not permissible in a case like this. We think the measure of appellees damage, is the interest upon the purchase price of the hay. (Calvin vs. McFadden, 113 Texas, 324; W. & W. Con. Rep., sec's. 843. 1002, 1125, 1134.)

Because in our opinion the court erred in awarding appelle 50 cents per ton storage for 57 tons of hay the judgment is reversed, but the cause will not be remanded for this error. We will here render judgment in favor of appelle against Appellants for the sum of $513.00 the contract price for the 57 tons of hay with interest on said amount at 8 per cent. per annum from January 1st, 1884, and for all costs except the cost of this appeal which are abjudged against appellee.

Reversed and reformed. Willson, J.